UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JESSICA CLEAVENGER<br>c/o Spangenberg Shibley & Liber LLP<br>1001 Lakeside Avenue East, Suite 1700<br>Cleveland, OH  44114<br><br>  and<br><br>JAMES PEREZ<br>c/o Spangenberg Shibley & Liber LLP<br>1001 Lakeside Avenue East, Suite 1700<br>Cleveland, OH  44114<br><br>          Plaintiffs,<br><br>      vs.<br><br>HURON COUNTY SHERIFF<br>c/o Huron County Sheriff's Office<br>255 Shady Lane Drive<br>Norwalk, OH  44857<br><br>  and<br><br>NOAH R. PERRY, In His Individual Capacity<br>c/o Huron County Sheriff's Office<br>255 Shady Lane Drive<br>Norwalk, OH  44857<br><br>  and<br><br>HURON COUNTY SHERIFF'S DEPUTY<br>BRAVO (first name unknown at this time)<br>c/o Huron County Sheriff's Office<br>255 Shady Lane Drive<br>Norwalk, OH  44857<br><br>  and | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 3:23-cv-1213<br><br>JUDGE<br><br><br>**PLAINTIFFS' COMPLAINT**<br><br>***[Jury Demand Endorsed Hereon]*** |

JOHN DOE HURON COUNTY SHERIFF'S     )
SERGEANT                            )
c/o Huron County Sheriff's Office   )
255 Shady Lane Drive                )
Norwalk, OH  44857                  )
                                    )
    and                             )
                                    )
VILLAGE OF NEW LONDON, OHIO         )
c/o City Mayor, Toby Thomas         )
115 E. Main Street                  )
New London, OH  44851               )
                                    )
    and                             )
                                    )
BRETT E. HARRENTON, In His Individual )
Capacity                            )
c/o New London Police Department    )
115 E. Main Street                  )
New London, OH  44851               )
                                    )
                    Defendants.     )

Now come Plaintiffs, Jessica Cleavenger and James Perez, and for their Complaint against the above-named Defendants, state and aver as follows:

## NATURE OF THE ACTION

1.     This is a civil rights action stemming from an incident(s) that occurred at Plaintiffs' home located in the City of New London, Huron County, Ohio, during the early morning hours of June 17, 2022. During the incident(s), the individual Defendants named above unlawfully forced their way into Plaintiffs' home, trespassed onto and into Plaintiffs' home and property, caused damage to property, used excessive force against and assaulted and battered Plaintiffs, falsely arrested Plaintiffs and subjected them the intentional infliction of emotional distress, took Plaintiff James Perez to jail without probable cause, all in front of Plaintiffs' neighbors and minor children, and conspired to violate Plaintiffs' constitutional rights. As a

direct and proximate result of the actions and inactions of the Defendants, Plaintiffs were deprived of their constitutionally guaranteed rights and did endure physical and emotional pain and physical injuries, embarrassment and humiliation, past and future medical bills, and other economic and non-economic damages.  Plaintiffs seek compensatory and punitive damages, as well as reasonable attorneys' fees and the costs of this litigation.

2.      Plaintiffs assert claims under 42 U.S.C. § 1983 for violations of their right to be free from unreasonable searches of and entries onto/into their residential property, to be free from the use of excessive force against them, and to be free from unreasonable seizures, arrests and/or detentions under the protections of the Fourth Amendment to the United States Constitution.  Plaintiffs also bring "*Monell*" claims against Defendant Huron County Sheriff's Office and Defendants Village of New London and Village of New London Police Department, as the constitutional violations committed against them were the result of an unconstitutional custom(s), policy(ies), and/or procedure(s) and claims against the individual Defendants for failure to intervene to prevent constitutional violations. In addition, Plaintiffs assert pendant state law claims for assault and battery, intentional infliction of emotional distress, false arrest, and trespass.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as certain claims asserted herein arise under the Constitution and laws of the United States, to wit, the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

4.      Pendant jurisdiction over the state law claims asserted herein is invoked pursuant to 28 U.S.C. § 1367.

5.     The matter in controversy exceeds Seventy-Five-Thousand Dollars ($75,000.00), exclusive of interest and costs.

6.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2), (e)(1) and (e)(2).

## PARTIES

7.     Plaintiff Jessica Cleavenger is, and was at all times relevant, a citizen of the United States of America residing in the State of Ohio and entitled to the protections of the Constitution and laws of the United States of America and the State of Ohio.

8.     Plaintiff James Perez is, and was at all times relevant, a citizen of the United States of America residing in the State of Ohio and entitled to the protections of the Constitution and laws of the United States of America and the State of Ohio.

9.     Defendant Huron County Sheriff is, and was at all times relevant, a law enforcement agency in Huron County, Ohio, with the ability to sue and be sued, residing in Huron County in the Northern District of Ohio.  Defendant Huron County Sheriff is an entity that and/or "person" who can be sued for constitutional violations under 42 U.S.C. § 1983.

10.     Defendant Noah R. Perry was, at all times relevant, a law enforcement officer and Sheriff's Deputy employed by the County of Huron, Ohio who was acting under color of law within the course and scope and in furtherance of his employment with the County of Huron. Defendant Perry is a "person" under 42 U.S.C. § 1983.  Defendant Perry is sued in his individual capacity.

11.     Defendant Huron County Sherriff's Deputy Bravo (first name unknown at this time) was, at all times relevant, a law enforcement officer and Sheriff's Deputy employed by the County of Huron, Ohio who was acting under color of law within the course and scope and in

furtherance of his employment with the County of Huron.  Defendant Bravo is a "person" under 42 U.S.C. § 1983.  Defendant Bravo is sued in his individual capacity. Despite Plaintiffs' due diligence, Defendant Bravo's first name is not yet known or knowable. Plaintiffs will amend the Complaint to supplement it with Defendant Bravo's first name once known.

12.     Defendant John Doe Huron County Sheriff Sergeant was, at all times relevant, a law enforcement officer and Sheriff's Sergeant employed by the County of Huron, Ohio who was acting under color of law within the course and scope and in furtherance of his employment with the County of Huron.  Defendant John Doe is a "person" under 42 U.S.C. § 1983. Defendant John Doe is sued in his individual capacity. Despite Plaintiffs' due diligence, Defendant John Doe's identify by name is not yet known or knowable. Plaintiffs will amend the Complaint to supplement it with Defendant John Doe's first and last name name once known.

13.     Defendant Village of New London, is, and was at all times relevavnt, a municipal corporation chartered under the laws of the State of Ohio and is recognized as an entity that can and/or "person" who can be sued for constitutional violations under 42 U.S.C. § 1983.

14.     Defendant Brett E. Harrenton was, at all times relevant, a law enforcement officer employed by the Village of New London, Ohio who was acting under color of law within the course and scope and in furtherance of his employment with the Village of New London. Defendant Harrenton is a "person" under 42 U.S.C. § 1983.  Defendant Harrenton is sued in his individual capacity.

15.     Defendants Perry, Bravo, John Doe Huron County Sheriff's Sergeant, and Harrenton are sometimes hereinafter referred to as the "Individual Defendants."

## STATEMENT OF FACTS

16.     In the early morning hours of June 17, 2022, Plaintiffs were in their mobile home located in the Village of New London where they resided with their three minor children.

17.     At or around 3:30 AM to 4:00 AM, the individual Defendants began loudly banging on the front door of Plaintiffs' home.

18.     Plaintiff Jessica Cleavenger was awakened by the loud banging and by her two dogs that were barking in response to the loud banging on the door in the middle of the night/early morning hours.

19.     Plaintiff Jessica Cleavenger approached the front door while her daughter and Plaintiff James Perez sought to control and calm the family dogs.

20.     Plaintiff Jessica Cleavenger opened the door and came outside to evaluate and inquire about what was going on and closed the door behind her.

21.     Plaintiff Jessica Cleavenger informed the individual Defendants that the mobile home was her home and residence.

22.     Outside, Plaintiff Jessica Cleavenger was confronted by the individual Defendant officers who demanded to see Plaintiff James Perez. Plaintiff Jessica Cleavenger inquired about as to why the individual Defendants were at her home banging on the door at 3:30-4:00 AM and why they wanted to speak with or see Mr. Perez. The individual Defendants only responded by demanding to see and speak with Mr. Perez, but otherwise gave no explanation.

23.     The individual Defendants were loud, boisterous, and disrespectful, continuing to yell for Plaintiff James Perez to come to the door.

24.     One or more of the individual Defendants shined a flashlight directly into Plaintiff Jessica Cleavenger's face and eyes.

25.    Plaintiff Jessica Cleavenger advised the individual Defendants she had nothing more to say to them and undertook to return inside of her home. When she tried to close the door behind her, as she entered her home, Defendant Perry wedged his foot in the door, breaching the threshold of the doorway into Plaintiffs' home, and physically prevented Ms. Cleavenger from closing her front door.

26.    Defendant Perry continued to yell into the residence for Mr. Perez. Plaintiff Jessica Cleavenger told Defendant Perry he was not permitted inside and to remove his foot from the door jam.

27.    Defendant Perry then physically grabbed and pushed Plaintiff Jessica Cleavenger and forced his way into Plaintiffs' home, striking her with the door, and damaging the front door to Plaintiffs' home. The other individual Defendants followed.

28.    None of the individual Defendants had Plaintiffs' permission to enter their home.

29.    None of the individual Defendants were in possession of any warrant authorizing them to enter Plaintiffs' home.

30.    No exigent circumstances existed that would have authorized any of the individual Defendants to enter Plaintiffs' home.

31.    Upon information and belief, Defendant Perry and/or Defendant Harrenton shot Plaintiff James Perez with a Taser or other electrified gun/weapon, sending a painful and debilitating wave of electrical current coursing through his body.

32.    This occurred in front of one or more of Plaintiffs' minor children.

33.    Plaintiff James Perez posed no threat and had done nothing to warrant being shot with a Taser gun.

34.     Defendant Perry forcibly grabbed Plaintiff Jessica Cleavenger's arms, yanked them behind her back, spinning her around, and told her she was going to jail for obstruction.

35.     Defendant Perry put Plaintiff Jessica Cleavenger in handcuffs, squeezing them down tightly onto her wrists, and arrested her.

36.     Plaintiff Jessica Cleavenger was placed into the back seat of a law enforcement vehicle outside of her home in full view of neighbors who had been awakened and were observing the commotion created by the individual Defendants.

37.     One or more of the individual Defendants placed Plaintiff James Perez in handcuffs and placed him under arrest.

38.     Like Plaintiff Jessica Cleavenger, Plaintiff James Perez was paraded out of his home in handcuffs into the backseat of a law enforcement vehicle, all in front of onlooking neighbors.

39.     One of Plaintiffs' minor children witnessed the entirety of the events. The other two of Plaintiffs' minor children were awakened by the individual Defendants' yelling and violent behavior and witnessed portions of the events.

40.     One or more of the individual Defendants threatened Plaintiffs' minor children that the local children's services agency was being called because their mother and father were both going to jail.

41.     After approximately 15 minutes of being arrested in the backseat of a law enforcement vehicle, having been told she was going to jail for obstruction, Plaintiff Jessica Cleavenger was uncuffed and released. Plaintiff Jessica Cleavenger was never charged with any criminal violations or issued any citations.

42.     Plaintiff James Perez was transported to the Huron County Jail where he was incarcerated, having been informed he was under arrest for multiple felonies.

43.     After hours of being incarcerated at the Huron County Jail, Plaintiff James Perez was released.

44.     Plaintiff James Perez has never been charged with any criminal wrongdoing associated with the incident that took place at Plaintiffs' home on June 17, 2022, or the alleged circumstances that precipitated and/or resulted in the individual Defendants coming to Plaintiffs' home on that date.

### FIRST CLAIM FOR RELIEF
**(42 U.S.C. § 1983 Against the Individual Defendants for Unreasonable Search and Seizure in Violation of the Fourth Amendment on behalf of Plaintiffs Jessica Cleavenger and James Perez)**

45.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

46.     At the aforementioned time and place, the Individual Defendants, acting under color of law and within the course and scope of their employment as law enforcement officers with the Huron County Sheriff's Department and The City of New London, searched, entered upon and into, and/or seized Plaintiffs' mobile home residence and property without probable cause or reasonable justification therefore.

47.     At the aforementioned time and place, the Individual Defendants entered upon Plaintiffs' real property and into their residential home without permission, without a warrant, and without any lawful or reasonable justification.

48.     The individual Defendants' conduct, as described herein, and as to be more fully adduced during the discovery and at the trial of this matter, was unreasonable and without

justification, in violation of Plaintiffs' clearly established Fourth Amendment rights to be secure in their house against unreasonable searched and/or seizures.

49.     The Individual Defendants' conduct, as described herein, and as to be more fully adduced during the discovery and at the trial of this matter, was wanton, willful, reckless, unjustifiable, and malicious, warranting the imposition of exemplary punitive damages.

50.     Faced with the circumstances present at the aforementioned time and place, reasonable law enforcement officers would or should have known that the searches, seizure and entry upon Plaintiffs' property and into Plaintiffs' residential home violated Plaintiffs' clearly established Fourth Amendment rights to be free from unreasonable searches and seizures and/or entries upon and into Plaintiffs' residential property.

51.     Defendants consciously, callously, and recklessly disregarded Plaintiffs' federally protected rights.

52.     As a direct and proximate result of the Individual Defendants' unreasonable, unlawful, and unjustifiable search, seizure, and entry upon and into Plaintiffs' residential property and home, all in violation of Plaintiffs' clearly established Fourth Amendment rights, Plaintiffs' suffered property damage, including, but not limited to, a broken and damaged front door, other economic damages, humiliation, emotional pain and suffering, mental distress, and other economic and non-economic harms and damages, both past and future.

**WHEREFORE,** Plaintiffs pray for judgment against the Individual Defendants, jointly and severally, for:

> a.    Compensatory damages in an amount that will fully and fairly compensate Plaintiffs for the economic and noneconomic injury, damage, and loss, they have and suffered and will continue to suffer int the future;

b.    Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c.    Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d.    All such other relief to which Plaintiffs are entitled and/or the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
### (42 U.S.C. § 1983 Against the Individual Defendants for Failure to Intervene to Prevent Unreasonable Search and Seizure in Violation of the Fourth Amendment on behalf of Plaintiffs Jessica Cleavenger and James Perez)

53.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

54.    At the aforementioned time and place, each Individual Defendant had a duty to protect Plaintiffs' constitutional rights, including, but not limited to, their Fourth Amendment rights to be secure in their home and free from unreasonable searches and seizures of their home and property.

55.    At the aforementioned time and place, each Individual Defendant was under an affirmative duty to intervene to prevent any unreasonable and/or unlawful entry into or upon or search or seizure of Plaintiffs' property and residential home and property.

56.    Any and all reasonable law enforcement officers, under the same or similar circumstances as described herein at the aforementioned time and place would or should have known that Plaintiffs' clearly established constitutional rights were being or would be violated if officers entered upon or into Plaintiffs' residential home and property without permission, without a warrant, and without any supporting exigent circumstances.

57.     At the aforementioned time and place, the Individual Defendants failed to intervene upon and prevent the clear violations of Plaintiff's clearly established Fourth Amendment rights as described in the preceding Claim for Relief.

58.     The Individual Defendants' failure to intervene was wanton, willful, reckless, unjustifiable, and malicious, warranting the imposition of exemplary punitive damages. In failing to intervene, the Individual Defendants consciously, callously, and recklessly disregarded Plaintiffs' federally protected rights.

59.     As a direct and proximate result of the Individual Defendants' failure to intervene to prevent the unreasonable, unlawful, and unjustifiable search, seizure, and entry upon and into Plaintiffs' residential property and home, all in violation of Plaintiffs' clearly established Fourth Amendment rights, Plaintiffs' suffered property damage, including, but not limited to, a broken and damaged front door, other economic damages, humiliation, emotional pain and suffering, mental distress, and other economic and non-economic harms and damages, both past and future.

**WHEREFORE,** Plaintiffs pray for judgment against the Individual Defendants, jointly and severally, for:

    e.     Compensatory damages in an amount that will fully and fairly compensate Plaintiffs for the economic and noneconomic injury, damage, and loss, they have and suffered and will continue to suffer int the future;

    f.     Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

    g.     Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

    h.     All such other relief to which Plaintiffs are entitled and/or the Court deems appropriate.

### THIRD CLAIM FOR RELIEF

**(42 U.S.C. § 1983 Against Defendants Perry and Harrenton for Excessive Force in Violation of the Fourth and/or Fourteenth Amendment on behalf of Plaintiff Jessica Cleavenger)**

60.  Plaintiff Jessica Cleavenger repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

61.  At the aforementioned time and place, Defendants Perry and Harrenton, acting under color of law and within the course and scope of their employment as law enforcement officers with the Huron County Sheriff's Department and The City of New London, respectively, used unnecessary, unreasonable, grossly disproportionate, outrageous, and excessive force, and/or ordered, authorized, supervised, approved, ratified, and/or failed to intervene to prevent such use of force on Plaintiff Jessica Cleavenger in violation of her clearly established rights guaranteed by the Fourth and/or Fourteenth Amendments to the United States Constitution.

62.  These Defendants' uses of and/or failure to intervene to prevent unnecessary, unreasonable, outrageous, and excessive force, as described herein, constitute wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

63.  Faced with the circumstances present at the aforementioned time and place, reasonable law enforcement officers would or should have known that the uses of force described herein violated Plaintiff Jessica Cleavenger's clearly established Fourth Amendment right to be free from unreasonable searches and seizures, including uses of force, and/or her clearly established Fourteenth Amendment right of bodily integrity protected by the substantive component of the due process clause and that the activity engaged in was/is unreasonable and "shocks the conscience."

64.     Defendants Perry and Harrenton consciously, callously, and recklessly disregarded Plaintiff Jessica Cleavenger's federally protected rights.

65.     As a direct and proximate result of these Defendants' uses of force in violation of Plaintiff Jessica Cleavenger's clearly established Fourth and/or Fourteenth Amendment rights, Plaintiff Jessica Cleavenger suffered physical injuries, was forced to endure and suffer physical, mental, and emotional pain and suffering, and suffered and will continue to suffer medical bills and other economic and non-economic loss.

**WHEREFORE,** Plaintiff Jessica Cleavenger prays for judgment against Defendants Perry and Harrenton, jointly and severally, for:

   i.    Compensatory damages in an amount that will fully and fairly compensate Plaintiff Jessica Cleavenger for her injury, damage, and loss the she has suffered and continues to suffer;

   j.    Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

   k.    Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

   l.    All such other relief to which Plaintiff Jessica Cleavenger is entitled and/or the Court deems appropriate.

<u>**FOURTH CLAIM FOR RELIEF**</u>
**(42 U.S.C. § 1983 Against Defendants Perry and Harrenton for Excessive Force in Violation of the Fourth and/or Fourteenth Amendment on behalf of Plaintiff James Perez)**

66.     Plaintiff James Perez repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

67.     At the aforementioned time and place, Defendants Perry and Harrenton, acting under color of law and within the course and scope of their employment as law enforcement officers with the Huron County Sheriff's Department and The City of New London, respectively, used unnecessary, unreasonable, grossly disproportionate, outrageous, and excessive force,

including, but not limited to shooting Plaintiff James Perez with a Taser gun/weapons, and/or ordered, authorized, supervised, approved, ratified, and/or failed to intervene to prevent such use of force on Plaintiff James Perez in violation of his clearly established rights guaranteed by the Fourth and/or Fourteenth Amendments to the United States Constitution.

68.     These Defendants' uses of and/or failure to intervene to prevent unnecessary, unreasonable, outrageous, and excessive force, as described herein, constitute wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

69.     Faced with the circumstances present at the aforementioned time and place, reasonable law enforcement officers would or should have known that the uses of force described herein violated Plaintiff James Perez's clearly established Fourth Amendment right to be free from unreasonable searches and seizures, including uses of force, and/or his clearly established Fourteenth Amendment right of bodily integrity protected by the substantive component of the due process clause and that the activity engaged in was/is unreasonable and "shocks the conscience."

70.     Defendants Perry and Harrenton consciously, callously, and recklessly disregarded Plaintiff James Perez's federally protected rights.

71.     As a direct and proximate result of these Defendants' uses of force in violation of Plaintiff James Perez's clearly established Fourth and/or Fourteenth Amendment rights, Plaintiff James Perez suffered physical injuries, was forced to endure and suffer physical, mental, and emotional pain and suffering, and suffered and will continue to suffer medical bills and other economic and non-economic loss.

15

**WHEREFORE,** Plaintiff James Perez prays for judgment against Defendants Perry and Harrenton, jointly and severally, for:

m.    Compensatory damages in an amount that will fully and fairly compensate Plaintiff James Perez for his injury, damage, and loss the he has suffered and continues to suffer;

n.    Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

o.    Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

p.    All such other relief to which Plaintiff James Perez is entitled and/or the Court deems appropriate.

## FIFTH CLAIM FOR RELIEF
**(42 U.S.C. § 1983 Against the Individual Defendants for Failure to Intervene to Prevent Unreasonable and Excessive Force in Violation of the Fourth and/or Fourteenth Amendments on Behalf of Plaintiffs Jessica Cleavenger and James Perez)**

72.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

73.    At the aforementioned time and place, each Individual Defendant had a duty to protect Plaintiffs' constitutional rights, including, but not limited to, their Fourth and Fourteenth Amendment rights to be free from unreasonable and excessive force.

74.    At the aforementioned time and place, each Individual Defendant was under an affirmative duty to intervene to prevent any unreasonable and excessive uses of force against Plaintiffs.

75.    Any and all reasonable law enforcement officers, under the same or similar circumstances as described herein at the aforementioned time and place would or should have known that Plaintiffs' clearly established constitutional rights to be free from unreasonable excessive force would and were being violated.

76. At the aforementioned time and place, the Individual Defendants failed to intervene upon and prevent the clear violations of Plaintiffs' clearly established Fourth and Fourteenth Amendment right to be free from unreasonable and excessive force.

77. The Individual Defendants' failure to intervene was wanton, willful, reckless, unjustifiable, and malicious, warranting the imposition of exemplary punitive damages. In failing to intervene, the Individual Defendants consciously, callously, and recklessly disregarded Plaintiffs' federally protected rights.

78. As a direct and proximate result of the Individual Defendants' failure to intervene to prevent the unreasonable and excessive uses of force against Plaintiffs, all in violation of Plaintiffs' clearly established Fourth and/or Fourteenth Amendment rights, Plaintiffs suffered physical injuries, physical and emotional pain and suffering, medical bills, and other economic and noneconomic harm.

**WHEREFORE,** Plaintiffs pray for judgment against the Individual Defendants, jointly and severally, for:

q. Compensatory damages in an amount that will fully and fairly compensate Plaintiffs for the economic and noneconomic injury, damage, and loss, they have and suffered and will continue to suffer into the future;

r. Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

s. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

t. All such other relief to which Plaintiffs are entitled and/or the Court deems appropriate.

## SIXTH CLAIM FOR RELIEF
**(42 U.S.C. § 1983 Against Defendant Perry for Unlawful/Unreasonable Search and Seizure and False Arrest in Violation of the Fourth Amendment on Behalf of Plaintiff Jessica Cleavenger)**

79.     Plaintiff Jessica Cleavenger repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

80.     At the aforementioned time and place, Defendant Perry, while acting under the color of law and in the course and scope of his employment as law enforcement officer for the Huron County Sheriff's Office, detained, searched, seized, and arrested Plaintiff Jessica Cleavenger without her consent and without any justification, reasonable cause or suspicion in violation of Plaintiff Jessica Cleavenger's clearly established rights guaranteed by the Fourth Amendment.

79.     Defendant Perry's unlawful and unreasonable detention, search, seizure, and arrest constitutes wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

80.     Faced with the circumstances present at the aforementioned time and place, reasonably prudent law enforcement officers/personnel would or should have known that the detention, search, seizure, and arrest of Plaintiff Jessica Cleavenger described herein violated her clearly established Fourth Amendment rights to be free from unreasonable and unlawful searches and seizures.

81.     As a direct and proximate result of Defendant Perry's detention, search, seizure, and arrest in violation of Plaintiff Jessica Cleavenger's Fourth Amendment rights, Plaintiff Jessica Cleavenger was forced to endure and suffer humiliation, a depravation of freedom, physical, mental, and emotional pain and suffering.

**WHEREFORE,** Plaintiff Jessica Cleavenger prays for judgment against Defendant Perry for:

a. Compensatory damages in an amount that will fully and fairly compensate her injury, damage, and loss;

b. Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d. All such other relief which the Court deems appropriate.

### SEVENTH CLAIM FOR RELIEF
**(42 U.S.C. § 1983 Against Defendants Perry and Harrenton for Unlawful/Unreasonable Search and Seizure and False Arrest in Violation of the Fourth Amendment on Behalf of Plaintiff James Perez)**

81. Plaintiff James Perez repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

82. At the aforementioned time and place, Defendant Harrenton and/or Defendant Perry, while acting under the color of law and in the course and scope of their employment as law enforcement officers for the City of New London and Huron County Sheriff's Office, respectively, detained, searched, seized, and arrested Plaintiff James Perez without his consent and without any justification, reasonable cause or suspicion in violation of Plaintiff James Perez's clearly established rights guaranteed by the Fourth Amendment.

82. Defendant Harrenton and/or Perry's unlawful and unreasonable detention, search, seizure, and arrest constitutes wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

83. Faced with the circumstances present at the aforementioned time and place, reasonably prudent law enforcement officers/personnel would or should have known that the detention, search, seizure, and arrest of Plaintiff James Perez described herein violated his clearly

19

established Fourth Amendment rights to be free from unreasonable and unlawful searches and seizures.

84.     As a direct and proximate result of Defendant Harrenton and/or Perry's detention, search, seizure, and arrest of Plaintiff James Perez in violation of Plaintiff his Fourth Amendment rights, Plaintiff James Perez was forced to endure and suffer a period of incarceration in the Huron County Jail, humiliation, a depravation of freedom, damage to his reputation, physical, mental, and emotional pain and suffering and other economic and noneconomic harm.

**WHEREFORE,** Plaintiff James Perez prays for judgment against Defendants Harrenton and Perry, jointly and severally, for:

  a.     Compensatory damages in an amount that will fully and fairly compensate him injury, damage, and loss;

  b.     Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

  c.     Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

  d.     All such other relief which the Court deems appropriate.

## EIGHTH CLAIM FOR RELIEF
**(42 U.S.C. § 1983 Against the Individual Defendants for Failure to Intervene to Prevent Unreasonable Detention, Search, Seizure and False Arrest of Plaintiffs in Violation of Fourth Amendment on Behalf of Plaintiffs Jessica Cleavenger and James Perez)**

85.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

86.     At the aforementioned time and place, each Individual Defendant had a duty to protect Plaintiffs' constitutional rights, including, but not limited to, their Fourth Amendment rights to be free from unreasonable search, seizure, detention, and arrest.

87.     At the aforementioned time and place, each Individual Defendant was under an affirmative duty to intervene to prevent any unreasonable search, seizure, detention, and arrest of Plaintiffs.

88.     Any and all reasonable law enforcement officers, under the same or similar circumstances as described herein at the aforementioned time and place would or should have known that Plaintiffs' clearly established constitutional rights to be free from unreasonable search, seizure, detention, and arrest would and were being violated.

89.     At the aforementioned time and place, the Individual Defendants failed to intervene upon and prevent the clear violations of Plaintiffs' clearly established Fourth Amendment rights to be free from unreasonable search, seizure, detention, and arrest.

90.     The Individual Defendants' failure to intervene was wanton, willful, reckless, unjustifiable, and malicious, warranting the imposition of exemplary punitive damages. In failing to intervene, the Individual Defendants consciously, callously, and recklessly disregarded Plaintiffs' federally protected rights.

91.     As a direct and proximate result of the Individual Defendants' failure to intervene to prevent the unreasonable search, seizure, detention, and arrest of Plaintiffs, all in violation of Plaintiffs' clearly established Fourth Amendment rights, Plaintiffs suffered humiliation, a depravation of freedom, physical injuries, physical and emotional pain and suffering, medical bills, and other economic and noneconomic harm.

**WHEREFORE,** Plaintiffs pray for judgment against the Individual Defendants, jointly and severally, for:

  a. Compensatory damages in an amount that will fully and fairly compensate Plaintiffs for the economic and noneconomic injury, damage, and loss, they have and suffered and will continue to suffer into the future;

    b.    Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

    c.    Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

    d.    All such other relief to which Plaintiffs are entitled and/or the Court deems appropriate.

**NINTH CLAIM FOR RELIEF**
**(42 U.S.C. § 1985 Civil Conspiracy to Interfere with and/or Deprive Plaintiffs of Civil/Constitutional Rights Against the Individual Defendants on Behalf of Plaintiffs Jessica Cleavenger and James Perez)**

92.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

93.     Upon information and belief, at the aforementioned time and place, the Individual Defendants did knowingly agree and conspire to interfere with, deprive and violate Plaintiffs clearly established constitutional rights under the Fourth and Fourteenth Amendments as set forth herein above.

94.     Upon information and belief, the Individual Defendants did, among other things:

    a.    Discuss and agree upon a plan to enter into Plaintiffs' home even if not given permission, and without a warrant or other lawful justification;

    b.    Discuss and agree upon a plan to arrest Plaintiff James Perez in the absence of any probable cause or lawful justification; and

    c.    Discussed and agreed upon a plan to seize, detain and arrest Plaintiff Jessica Cleavenger without any lawful basis.

92.     As a direct and proximate result of the Individual Defendants' failure to intervene to prevent the unreasonable search, seizure, detention, and arrest of Plaintiffs, all in violation of Plaintiffs' clearly established Fourth Amendment rights, Plaintiffs suffered humiliation, a

22

depravation of freedom, physical injuries, physical and emotional pain and suffering, medical bills, and other economic and noneconomic harm.

**WHEREFORE,** Plaintiffs pray for judgment against the Individual Defendants, jointly and severally, for:

a.  Compensatory damages in an amount that will fully and fairly compensate Plaintiffs for the economic and noneconomic injury, damage, and loss, they have and suffered and will continue to suffer into the future;

b.  Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c.  Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d.  All such other relief to which Plaintiffs are entitled and/or the Court deems appropriate.

### TENTH CLAIM FOR RELIEF
**(42 U.S.C. § 1983 Against Defendants Huron County Sheriff's Office and the City of New London for Custom, Policy, or Practice of Causing Constitutional Violations)**

95.  Plaintiffs repeat, reiterate, and reallege each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

96.  At all times relevant, Defendants Huron County Sheriff and City of New London separately promulgated and maintained a *de facto* unconstitutional custom(s), policy(ies) or practice(s) of permitting, ignoring, condoning and/or encouraging officers, deputies, and other employees and agents to enter upon or into or otherwise search or seize residential and personal property of members in the community, including Plaintiffs, without permission, a warrant, or reasonable or lawful grounds, all in violation of these community members' clearly established Fourth Amendment rights.

97.     At all times relevant, Defendants Huron County Sheriff and City of New London separately promulgated and maintained a *de facto* unconstitutional custom(s), policy(ies) or practice(s) of permitting, ignoring, condoning and/or encouraging officers, deputies, and other employees and agents use contraindicated or excessive/unreasonable force on detainees and members of the public, including Plaintiffs, which shocks the conscience and offends traditional notions of decency.

98.     Upon information and belief, Defendants Huron County Sheriff and City of New London failed to conduct any meaningful internal/administrative investigation into the unlawful and entry upon and into Plaintiffs' residential property or into the excessive and unreasonable force used against Plaintiffs by their officers, and ratified the unconstitutional force described herein above.

99.     At all times relevant, Defendants Huron County Sheriff and City of New London failed to train its law enforcement officers in the limitations and protections afforded under the Fourth Amendment to prohibit officers from entering into or upon personal/residential property and failed to train its officers in the permissible use of reasonable force as limited by the Fourth and Fourteenth Amendments.  These Defendants were deliberately indifferent to the known, knowable and substantially likely and certain constitutional violations that would ensue as a direct and proximate result of their failure to train as alleged herein.

100.     These customs, policies, and/or practices, among others, were the direct and proximate cause of the constitutional violations visited upon, and the injuries of Plaintiffs, and Defendants Perry and Harrenton, acting in accordance with these customs, policies, or practices unreasonably and without any lawful justification entered upon and into and otherwise searched and/or seized Plaintiffs' residential and personal property, and used excessive, unreasonable,

outrageous and impermissible force and/or otherwise acted in a manner that shocks the conscience and offends traditional notions of decency.

101.    At all times relevant, the policies, customs, and/or procedures referenced in this Claim for Relief were facially and/or de facto violative of the clearly established and known rights of citizens, including Plaintiffs, and their implementation constitutes deliberate indifference to and/or reckless and callous disregard for the constitutional rights of said citizens, including Plaintiffs, secured by the Fourth and Fourteenth Amendment of the United States Constitution, including the right to due process of law, life, liberty, to be free from unreasonable searches and seizures of property and to be secure in their home, and to be free from excessive and unreasonable uses of force which shock the conscience and offend traditional notions of decency.

102.    At all times relevant, the policies, customs, and/or procedures referenced in this Claim for Relief were applied in such a manner and known by Defendants Huron County Sheriff and City of New London to be applied in such a manner, such that violations of the constitutional rights of citizens, including Plaintiffs, were likely and substantially certain to, and did, occur. Furthermore, the application of these policies, practices, and/or procedures amount to violations of the constitutional rights of citizens, including Plaintiffs, secured by the Fourth and Fourteenth Amendments of the United States Constitution, including the right to due process of law, life, liberty, to be free from unreasonable searches and seizures of property and to be secure in their home, and to be free from excessive and unreasonable uses of force which shock the conscience and offend traditional notions of decency.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants Huron County Sheriff and City of New London, jointly and severally, for:

a.      Compensatory damages in an amount that will fully and fairly compensate Plaintiffs for the injury, damage, and loss they have suffered and continue to suffer;

b.      Costs of suit and reasonable attorneys' fees; and

c.      All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

## ELEVENTH CLAIM FOR RELIEF
**(Assault and Battery Against Defendant Perry on Behalf of Plaintiff Jessica Cleavenger)**

103.    Plaintiff Jessica Cleavenger repeats, reiterates, and realleges each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

104.    On June 17, 2022, Defendant Perry threatened bodily harm against Plaintiff Jessica Cleavenger which caused her to be in fear of imminent peril and bodily harm.

105.    Defendant Perry had the apparent ability to carry out the threats of bodily harm and, in fact did, intentionally and without permission, touch and injure Plaintiff Jessica Cleavenger.

106.    At all times relevant, Defendant Perry was acting within the course, scope, and in furtherance of his employment as law enforcement officer with the Huron County Sheriff.

107.    Defendant Perry assaulted and battered Plaintiff Jessica Cleavenger with malicious purpose, in a reckless or wanton manner, and/or with conscious disregard for the safety and well-being of Plaintiff Jessica Cleavenger.

108.    Defendant Huron County Sheriff/Huron County is obligated to indemnify Defendant Perry under Ohio Revised Code Section 2744.07.

109.    As a direct and proximate result of being assaulted and battered by Defendant Perry, Plaintiff Jessica Cleavenger was forced to endure and suffer physical, mental, and emotional pain and suffering.

**WHEREFORE,** Plaintiff Jessica Cleavenger prays for judgment against Defendant Perry for:

      a.    Compensatory damages in an amount that will fully and fairly compensate her for the injury, damage, and loss she has suffered and continues to suffer;

      b.    Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

      c.    Costs of suit and reasonable attorneys' fees; and

      d.    All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

## TWELFTH CLAIM FOR RELIEF
### (Assault and Battery Against Defendants Perry and Harrenton on Behalf of Plaintiff James Perez)

110.    Plaintiff James Perez repeats, reiterates, and realleges each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

111.    On June 17, 2022, Defendants Perry and Harrenton threatened bodily harm against Plaintiff James Perez which caused him to be in fear of imminent peril, bodily harm and death.

112.    Defendants Perry and Harrenton had the apparent ability to carry out the threats of bodily harm and, in fact did, intentionally and without permission, touch and injure Plaintiff James Perez.

113.    At all times relevant, Defendants Perry and Harrenton were acting within the course, scope, and in furtherance of their employment as law enforcement officer with the Huron County Sheriff and City of New London, respectively.

114.    Defendants Perry and Harrenton assaulted and battered Plaintiff James Perez with malicious purpose, in a reckless or wanton manner, and/or with conscious disregard for the safety and well-being of Plaintiff James Perez.

115.    Defendants Huron County Sheriff/Huron County and City of New London are obligated to indemnify Defendants Perry and Harrenton, respectively, under Ohio Revised Code Section 2744.07.

116.    As a direct and proximate result of being assaulted and battered by Defendants Perry and Harrenton, Plaintiff James Perez were forced to endure and suffer physical, mental, and emotional pain and suffering.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants Perry and Harrenton, jointly and severally, for:

a.    Compensatory damages in an amount that will fully and fairly compensate them for the injury, damage, and loss they have suffered and continue to suffer;

b.    Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c.    Costs of suit and reasonable attorneys' fees; and

d.    All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

## THIRTEENTH CLAIM FOR RELIEF
**(False Arrest/ Imprisonment Against Defendant Perry on Behalf of Plaintiff Jessica Cleavenger)**

117.    Plaintiff Jessica Cleavenger repeats, reiterates, and realleges each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

118.     At the aforementioned time and place, Defendant Perry intentionally confined Plaintiff Jessica Cleavenger within a limited space(s), including, but not limited to, the locked backseat of a law enforcement vehicle for an appreciable period of time.

119.     Defendant Perry confined Plaintiff Jessica Cleavenger against her will and without any probable cause or lawful justification.

120.     Defendant Perry intentionally confined and restrained Plaintiff Jessica Cleavenger with malicious purpose, in a reckless or wanton manner, and/or with conscious disregard for the rights, safety and well-being of Plaintiff Jessica Cleavenger.

121.     As a direct and proximate result of being unlawfully restrained and confined/arrested and imprisoned by Defendant Perry, Plaintiff Jessica Cleavenger was forced to endure and suffer humiliation, physical, mental, and emotional pain and suffering.

    **WHEREFORE,** Plaintiff Jessica Cleavenger prays for judgment against Defendant Perry for:

> a.     Compensatory damages in an amount that will fully and fairly compensate her for the injury, damage, and loss she has suffered and continues to suffer;
>
> b.     Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;
>
> c.     Costs of suit and reasonable attorneys' fees; and
>
> d.     All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

### FOURTEENTH CLAIM FOR RELIEF
**(False Arrest/ Imprisonment Against Defendants Perry and Harrenton on Behalf of Plaintiff James Perez)**

122.     Plaintiff James Perez repeats, reiterates, and realleges each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

123.    At the aforementioned time and place, Defendants Perry and/or Harrenton intentionally confined Plaintiff James Perez within a limited space(s), including, but not limited to, the locked backseat of a law enforcement vehicle and the Huron County Jail, for an appreciable period of time.

124.    Defendants Perry and Harrenton confined Plaintiff James Perez against his will and without any probable cause or lawful justification.

125.    Defendants Perry and Harrenton intentionally confined and restrained Plaintiff James Perez with malicious purpose, in a reckless or wanton manner, and/or with conscious disregard for the rights, safety and well-being of Plaintiff James Perez.

126.    As a direct and proximate result of being unlawfully restrained and confined/arrested and imprisoned by Defendants Perry and Harrenton, Plaintiff James Perez was forced to endure and suffer humiliation, physical, mental, and emotional pain and suffering.

**WHEREFORE,** Plaintiff James Perez prays for judgment against Defendants Perry and Harrenton, jointly and severally, for:

    a.    Compensatory damages in an amount that will fully and fairly compensate him for the injury, damage, and loss he has suffered and continues to suffer;

    b.    Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

    c.    Costs of suit and reasonable attorneys' fees; and

    d.    All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

## FIFTEENTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress Against the Individual Defendants on behalf of Plaintiffs Jessica Cleavenger and James Perez)

125.     Plaintiffs repeat, reiterate, and reallege each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

126.     Through their unreasonable, outrageous and unlawful conduct, the Individual Defendants either intended to cause Plaintiffs emotional distress or knew or should have known that their actions or inactions would result in serious emotional distress to Plaintiffs.  Further, their actions toward Plaintiffs were so extreme and outrageous as to go beyond all possible bounds of decency and were intolerable.

127.     The Individual Defendants' actions have directly and proximately caused Plaintiffs Jessica Cleavenger and James Perez psychic injury from which they suffer and will continue to suffer in the future.

**WHEREFORE,** Plaintiffs Jessica Cleavanger and James Perez pray for judgment against the Individual Defendants, jointly and severally, for:

a.     Compensatory damages in an amount that will fully and fairly compensate them for the injury, damage, and loss they has suffered and continue to suffer;

b.     Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c.     Costs of suit and reasonable attorneys' fees; and

d.     All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

## SIXTEENTH CLAIM FOR RELIEF
### (Trespass Against the Individual Defendants on Behalf of Plaintiffs Jessica Cleavenger and James Perez)

128.    Plaintiffs repeat, reiterate, and reallege each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

129.    At the aforementioned time and place, the Individual Defendants knowingly and intentionally, and without permission, authority, or privilege, physically invaded, and unlawfully entered upon and into Plaintiffs' land and residential home.

130.    The Individual Defendants acted with malicious purpose, in a reckless or wanton manner, and/or with conscious disregard for the rights, safety and well-being of Plaintiffs and their property.

131.    The Individual Defendants caused property damage to Plaintiffs' property and residential home, including, but not limited to, causing damage to Plaintiff's front door of their home.

132.    As a direct and proximate result of the Individual Defendants' unlawful entry and trespass, Plaintiffs suffered property damage and economic and noneconomic injury and harm.

**WHEREFORE,** Plaintiffs Jessica Cleavenger and James Perez pray for judgment against the Individual Defendants, jointly and severally, for:

a.   Compensatory damages in an amount that will fully and fairly compensate them for the injury, damage, and loss they has suffered and continue to suffer;

b.   Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c.   Costs of suit and reasonable attorneys' fees; and

d.   All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

***TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED.***

DATED this 19ᵗʰ day of June 2023.

*/s/ Nicholas A. DiCello*
NICHOLAS A. DICELLO (0075745)
KEVIN C. HULICK (0093921)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
*ndicello@spanglaw.com*
*khulick@spanglaw.com*

**Counsel for Plaintiffs Jessica Cleavenger and James Perez**

33